IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Abyhaven, Inc.,

    Plaintiff,

v.

Robert Perry d/b/a Airzoom HVAC,

    Defendant.

Case No: 2:23-cv-1221

Judge Graham

Magistrate Judge Deavers

### Opinion and Order

Plaintiff Abyhaven, Inc. brings this breach of contract action against defendant Robert Perry d/b/a Airzoom HVAC. Plaintiff alleges that defendant breached several contracts under which he had agreed to perform HVAC-related services at restaurants operated by plaintiff. This matter is before the Court on plaintiff's motion for default judgment and an award of contract damages.

**I. Background**

    **A. Factual Allegations**

Plaintiff is a Michigan corporation which operates Popeye's Louisiana Kitchen franchisee restaurants in the Midwest. Defendant, a resident of Harrisburg, Ohio, runs his own HVAC business.

In February 2022, plaintiff (through its corporate affiliates) entered into a contract for defendant to purchase and install two HVAC units at a Popeye's location in Geneva, Illinois. The contract amount was $46,000, and plaintiff advanced $20,000 to defendant toward the purchase of the units. Defendant did minimal work to prepare the site for installation and failed to deliver the two HVAC units and provide the contracted-for installation services. Plaintiff contracted with another entity to obtain and install two HVAC units.

In April 2022, plaintiff entered into a contract for defendant to purchase and install three HVAC units at a Popeye's location in Grand Haven, Michigan. The contract amount was $60,000, and plaintiff advanced $30,000 to defendant toward the purchase of the units. Again, defendant began to prepare the site but failed to deliver and install the HVAC units. Plaintiff contracted with another entity to obtain and install three HVAC units.

1

Plaintiff also contracted with defendant to provide HVAC-related services at Popeye's locations in Warsaw and West Lafayette, Indiana. The work performed by defendant was defective and unworkmanlike. Plaintiff hired another contractor to correct the deficiencies in defendant's work.

### B. Procedural History

Plaintiff brought this diversity suit for breach of contract and for fraud. Plaintiff alleges that defendant breached the various contracts by failing to provide the promised goods and services. Plaintiff alleges that defendant committed fraud in the inducement by causing plaintiff to enter into contracts which defendant did not intend to perform.

Following the filing of the complaint, defendant executed a waiver of the service of summons on April 25, 2023. *See* Doc. 7. Defendant failed to file an answer or other responsive pleading, and plaintiff moved for an entry of default under Federal Rule of Civil Procedure 55(a), which the Clerk of Court granted on July 24, 2023. *See* Doc. 10.

On September 26, 2023, plaintiff filed a motion for default judgment, which includes evidentiary materials relating to the amount of plaintiff's damages. Plaintiff has submitted proof that defendant was served with the Clerk's entry of default and plaintiff's motion for default judgment. *See* Docs. 18, 19. Defendant has not responded to the motion.

## II. Discussion

### A. Liability

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the court accepts as true plaintiff's well-pled allegations as to defendants' liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Plaintiff's allegations are sufficient to establish a basis for liability as to the breach of contract claim. Under Ohio law, the elements of a claim for breach of contract are: (1) the existence of a binding agreement; (2) the non-breaching party's performance of its contractual obligations; (3) the other party's failure to fulfill its contractual obligations without legal excuse; and (4) damages suffered by the non-breaching party as a result of that failure. *Lawrence v. Lorain Cnty. Cmty. Coll.*, 127 Ohio App. 3d 546, 548-49, 713 N.E.2d 478, 480 (Ohio Ct. App. 1998).

2

The complaint alleges that the parties entered into four agreements. Two of the agreements related to the purchase and installation of HVAC units at certain of plaintiff's restaurant locations. Plaintiff performed its contractual obligations by advancing partial payment and by making the sites available to defendant to perform his services. Defendant failed, without excuse, to deliver and install the HVAC units. Plaintiff suffered damages in the form of the lost advanced payments, as well as potentially its costs to cover and its lost profits, which will be discussed below.

The other two agreements were for the provision of HVAC-related services. Plaintiff performed its contractual obligations by paying defendant. Defendant failed, without excuse, to perform the services in a workmanlike manner. Plaintiff suffered damages by being forced to pay a third party to remedy the defects in defendant's work.

Plaintiff also brings a cause of action for fraud in the inducement, alleging that defendant had no intention to perform the Geneva and Grand Haven contracts. However, a tort claim for fraud cannot duplicate a breach of contract claim. *Cunningham Prop. Mgmt. Tr. v. Ascent Res. - Utica, LLC*, 351 F.Supp.3d 1056, 1067 (S.D. Ohio 2018). "A tort claim based upon the same actions [as] those upon which a claim upon contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Telxon Corp. v. Smart Media of Delaware, Inc.*, 2005-Ohio-4931, ¶ 34, 2005 WL 2292800 (Ohio Ct. App.).

The complaint does not identify a duty owed to plaintiff independent of the Geneva and Grand Haven contracts. Thus, the Court finds that the complaint fails to set forth a basis for defendant's liability as to the fraud claim. *See id.* ("An unfulfilled promise to do something in the future gives rise to an action for breach of contract, not fraudulent misrepresentation.") (internal quotation marks omitted).

    **B.**    **Damages**

The complaint's allegations as to damages are not deemed true. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (internal quotation marks omitted). Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" as to damages." *Id.*

Plaintiff has submitted evidentiary materials and asks the Court to make a determination of contract damages based on the written submission it has made.

1.     The Geneva and Grand Haven Contracts

"Damages for a breach of contract are those which are the natural or probable consequence of the breach of contract or damages resulting from the breach that were within the contemplation of both parties at the time of the making of the contract." *The Toledo Grp., Inc. v. Benton Indus., Inc.*, 87 Ohio App. 3d 798, 806, 623 N.E.2d 205, 211 (1993).

Remedies for breach of contract may include restitution, "the non-breaching party's interest in recovering the benefit conferred on the other party." *Father's House Int'l, Inc. v. Kurguz*, 2016-Ohio-5945, ¶ 22, 71 N.E.3d 711, 719 (Ohio Ct. App.) (citing Restatement 2d of Contracts, § 344(c)).

Plaintiff has demonstrated that it advanced to defendant $20,000.00 on the Geneva contract and $30,000.00 on the Grand Haven contract towards the purchase of HVAC units which defendant never delivered. *See* Mohamed Decl., ¶¶ 10, 18, Exs. A-7, B-4. The Court finds that plaintiff has proven these damages to a reasonable certainty.

Plaintiff also seeks damages for the whole amounts it paid to hire other contractors to purchase and install HVAC units at the Geneva and Grand Haven restaurants. The Court must reject this request because it exceeds plaintiff's expectation interest. *See* Restatement 2d of Contracts, § 344(a). Defendant's breaches do not entitle plaintiff to recover the entire amounts it paid to accomplish the work which defendant should have performed. Plaintiff instead is entitled to its costs to cover, which is the difference between what it contracted to pay defendant and any additional amount it paid, reasonably and in good faith, to have someone else do the same work. *See Doner v. Snapp*, 98 Ohio App.3d 597, 602, 649 N.E.2d 42, 45 (1994). In other words, plaintiff expected to pay the original contract amounts to defendant to purchase and install HVAC units at the two restaurants. Plaintiff may recover only the costs it reasonably incurred above those amounts to have the work done by a third party. This puts plaintiff in the position it would have been in had the contracts not been breached. *See Brads v. First Baptist Church of Germantown, Ohio*, 89 Ohio App.3d 328, 339, 624 N.E.2d 737, 745 (1993) ("[R]ecovery is limited to the loss [plaintiff] has actually suffered by reason of the breach, and he is not entitled to be placed in a better position than he would have been in had the breach not occurred.") (citing 22 American Jurisprudence 2d (1988) 68, Damages, Section 45)).

"Because damages for injury to an expectation interest are limited to actual loss, that loss must be established with reasonable certainty." *Brads*, 89 Ohio App.3d at 339, 624 N.E.2d at 745 (citing Restatement 2d of Contracts, § 352).

For the Geneva restaurant, the original contract amount was $46,000.00. Plaintiff states that it paid $66,285.25 (or $20,285.25 more) for another contractor to perform the work. *See* Mohamed

4

Decl., ¶ 32 (stating that plaintiff paid $34,285.25 for two HVAC units and $32,000.00 for installation). However, plaintiff has submitted no evidence from which the Court can determine that the amount paid in excess of the original contract amount was reasonable. Plaintiff has offered no explanation or supporting evidence to justify the high cost to cover. The additional amount paid so greatly exceeds the original contract amount (by 44%) that the Court cannot conclude that plaintiff acted reasonably in covering defendant's breach. This is particularly true in light of the plaintiff's low cost to cover the Grand Haven contract, which is discussed next.

The original contract amount for the Grand Haven restaurant was $60,000. Plaintiff states that it paid a total of $59,654.36 for someone else to perform the work. *See* Mohamed Decl., ¶ 31 (stating that plaintiff paid $50,779.36 for three HVAC units and $8,875.00 for installation). Thus, plaintiff paid slightly less than the original contract amount, and is not entitled to any damages for the cost to cover. *See Doner*, 98 Ohio App.3d at 603, 649 N.E.2d at 46 ("When an injured buyer covers, no damages are available where the substitute goods and services are purchased for less than the original contract between the buyer and the breaching seller.") (internal quotation marks omitted).

Finally, plaintiff seeks recovery of amounts that it calls "EBITDA." Plaintiff offers no explanation of that term, nor does it present any legal argument in support of recovering this item of alleged damages. The Court nonetheless takes judicial notice that EBITDA refers to "Earnings Before Interest, Taxes, Depreciation and Amortization" and could potentially be used as a way to measure lost profits. *See* Black's Law Dictionary, *Earnings* (11th ed. 2019); *Leasco Equip. Servs., Inc v. United Rentals (N. Am.), Inc.*, No. 2:11-CV-965, 2014 WL 4377833, at *3 (S.D. Ohio Sept. 4, 2014); *Fultz & Son, Inc. v. Browning-Ferris Indus. of Ohio, Inc.*, No. 3:17 CV 53, 2019 WL 3068277, at *7 (N.D. Ohio July 12, 2019); *In re Lehman Bros. Holdings Inc.*, 544 B.R. 62, 73 (Bankr. S.D.N.Y. 2015).

Plaintiff claims that "Popeye's average EBITDA" for four months is $90,000 per restaurant. Plaintiff seeks a total of $180,000 in EBITDA-related damages for the Geneva and Grand Haven restaurants.

The Court rejects plaintiff's attempt to recover this item of damage. As an initial matter, EBITDA is not recognized under generally accepted accounting principles and is often viewed as an unreliable and easily manipulated way to measure profitability. *See* Karen Berman and Joe Knight, *How EBITDA Can Mislead*, Harvard Business Review (Nov. 19, 2009); Lisa Smith, *Challenging the EBITDA Metric*, Investopedia, https://www.investopedia.com/articles/analyst/020602.asp (June 28, 2021).

Compounding the reliability concern, plaintiff fails to explain or demonstrate how it calculated the EBITDA amount. Instead, plaintiff offers a cursory statement from its owner that he reviewed plaintiff's accounting records and relied on his experience as a franchise operator to calculate EBITDA. *See* Mohamed Decl., ¶ 30. And though plaintiff claims EBITDA-related damages for a period of four months, plaintiff has not attempted to show that defendant's breaches caused an interruption in business for four months to both restaurants.

In sum, the Court finds that restitution damages are the only ones which can be determined with reasonable certainty. Plaintiff is entitled to damages in the amount of $20,000.00 for the Geneva contract and $30,000.00 for the Grand Haven contract.

### 2. The Warsaw and West Lafayette Contracts

Plaintiff alleges that defendant rendered defective performance under the Warsaw and West Lafayette contracts. Ohio law imposes an implied duty upon contractors to perform their duties in a workmanlike manner. *Perrucci v. Whittington*, 2018-Ohio-2968, ¶ 137, 118 N.E.3d 311, 346 (Ohio Ct. App.). This duty requires construction professionals "to act reasonably and to exercise the degree of care which a member of the construction trade in good standing in that community would exercise under the same or similar circumstances." *Id.* (internal quotation marks omitted). "The proper measure of damages for breach of this implied duty is the cost of repair." *Id.* (quoting *Sullivan v. Curry*, 2010-Ohio-5041, ¶ 43 (Ohio Ct. App.)).

The Court finds that plaintiff has established its costs of repair costs with reasonable certainty. Plaintiff has submitted invoices relating to repair services provided at both restaurants. For the Warsaw restaurant, plaintiff paid $962.50 to replace a bad transformer and repair a blower wheel. *See* Mohamed Decl., Ex. C-2. For the West Lafayette restaurant, plaintiff paid $9,570.00 to make extensive repairs to equipment that was either damaged or not properly installed by defendant. *Id.*, Ex. D-1.

### 3. Summary of Contract Damages

The Court finds that plaintiff is entitled to the following damages:
- $20,000.00 for the Geneva contract;
- $30,000.00 for the Grand Haven contract;
- $962.50 for the Warsaw contract; and
- $9,570.00 for the West Lafayette contract.

These amounts total $60,532.50 in damages.

6

    **4.**     **Prejudgment Interest**

Plaintiff correctly notes that under O.R.C. § 1343.03(A), "a contract creditor is absolutely entitled to prejudgment interest." *Elderlite Exp., Inc. v. Capitol City Trailers, Inc.*, No. 2:06-cv-737, 2009 WL 891762, at *5 (S.D. Ohio Mar. 31, 2009).

Plaintiff has not provided the Court with dates from which the Court could ascertain when the breaches occurred for the various contracts. Instead, plaintiff allows that the Court should use a much later date – April 6, 2023, the date of the filing of the complaint – to begin to calculate prejudgment interest. Because selecting this later date will not prejudice defendant, the Court will use it in its calculation of prejudgment interest.

Under O.R.C. §§ 1343.03(A) and 5703.47, the rate to be applied to calculate prejudgment interest is determined on an annual basis by the tax commissioner. For 2023, that rate is 5.0% per annum. *See* https://tax.ohio.gov/researcher/interest-rates.

The Court calculates prejudgment interest as follows:

$60,532.50 (damages)

x 0.05 (interest rate)

x 0.663 (242 days from April 6, 2023 to December 4, 2023, divided by 365 days in a year)

$2,006.65 in prejudgment interest

## III.    Conclusion

Accordingly, plaintiff's motion for default judgment (doc. 16) is granted in part as to liability and granted in part as to damages. The Court grants judgment in plaintiff's favor on its breach of contract claim in the amount of $60,532.50, plus $2,006.65 in prejudgment interest. The Court dismisses plaintiff's claim for fraud.

                                                         *s/ James L. Graham*
                                                         JAMES L. GRAHAM
                                                         United States District Judge

DATE: December 4, 2023